## CIRCUIT COURT OF THE CITY OF SALEM

Dennis A. Sarver

v.

Concorde, Inc.,
and Waste Management
of Virginia, Inc.

June 16, 1997

Case No. CL96-113

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff filed this action against his former employer, Waste Management of Virginia, Inc., alleging negligence in the drug testing that brought about his termination. He also joined as a Defendant Concorde, Inc., the independent contractor who performed the testing on behalf of Waste Management of Virginia, Inc. Thereafter, Plaintiff nonsuited his former employer. Plaintiff claims that Concorde, Inc., negligently tested or contaminated his urine sample causing it to falsely show positive for drugs. He says this erroneous test result brought about his termination. The final count alleges that the Plaintiff was a third-party beneficiary to the contract between Waste Management of Virginia, Inc., and Concorde, Inc., and that Concorde, Inc., breached this contract by not following government rules and procedures regarding drug testing. The consequence of this breach was the incorrect finding that the Plaintiff had used drugs. This resulted in his loss of employment. Defendant demurs arguing that the Plaintiff's theory of law is not applicable to these facts, and the Court agrees.

Plaintiff claims that the negligence of Concorde, Inc., in conducting the drug testing and the subsequent reporting of erroneous test results to the

Plaintiff's employer caused the Plaintiff to lose his job. This is an allegation of negligent interference with performance of a contract by a third party. This tort can only be maintained if Plaintiff suffered physical harm as a result of the negligent interference, and none was suffered. *Philip Morris, Inc. v. Emerson*, 235 Va. 380 at 406 (1988). The arguments of the parties dealing with the law surrounding the tort of intentional interference with the performance of a contract by a third party is not applicable to this case. No intentional act is alleged. See *Jones v. Pembrooke Occupational Health, Inc.*, 26 Va. Cir. 206 (1992). The demurrer filed by Concorde, Inc., to this count is sustained.

The other argument of the Plaintiff is that he is a third-party beneficiary to the contract between Waste Management of Virginia, Inc., and Concorde, Inc. He alleges that Concorde, Inc., breached the contract by its negligent handling of the drug testing. He reasons that this breach of contract by Concorde, Inc., caused the Plaintiff to be damaged by the loss of his employment. The Court finds this position to be faulty. Section 55-22, Code of Virginia (1950), as amended, has been construed to read that a person who is not a named party to a contract may sue for a breach of that contract, if he is a person upon whom both of the named parties to the contract clearly and definitely intended to confer a direct benefit. See *Copenhaver v. Rogers*, 238 Va. 361 (1989). There is no allegation in this case that both named parties to the contract between Waste Management of Virginia, Inc., and Concorde, Inc., intended to confer a benefit on the Plaintiff. If both parties did not clearly and definitely intend to confer a benefit on the Plaintiff, then he is not a third-party beneficiary, and he does not have standing to sue on the contract. The demurrer to this final count is sustained.

Plaintiff shall have thirty days from the date of this opinion to file amended pleadings, either at law or equity, on any new theory of relief he feels is proper.